UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HATEM MORRAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 151 |
| | ) | |
| MICHAEL CHERTOFF, Secretary, | ) | |
| Department of Homeland Security, and | ) | Judge Holderman |
| ROBERT S. MUELLER, III, Director, Federal | ) | |
| Bureau of Investigation, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT**

To defeat summary judgment, plaintiff Hatem Morrar makes three arguments: (1) the court has jurisdiction to compel the FBI and U.S. Citizenship and Immigration Services ("USCIS") to interview him and adjudicate his application for naturalization (Pl. Br. at 2); defendants' statement of the law regarding the non-discretionary duty of the FBI is "circular" (Pl. Br. at 4); and defendants' statements regarding their revised administrative procedures to address the backlog of applications for naturalization is "sophistry." Pl. Br. at 4. Morrar's arguments are without merit and should be disregarded.

**I.  Morrar's Response Does Not Comply with the Requirements of Federal Civil Procedure Rule 56(e)(2); Therefore, Summary Judgment Should Be Entered In Favor of Defendants.**

Federal Civil Procedure rule 56(e)(2) states, in part, that "an opposing party may not rely on merely allegations or denials in its own pleading; rather, it must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Failure to respond by affidavits or other supporting evidence requires, if appropriate, that summary judgment

be entered against that party. Fed. R. Civ. P. 56(e)(2); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)(nonmoving party must make sufficient showing of evidence for each essential element of its case).

Here, Morrar's response is devoid of any evidence that could defeat summary judgment. He has provided neither affidavits or other admissible, supporting evidence for his claim that there are disputed issues of material fact. Instead, Morrar relies totally on arguments and conclusory statements to persuade this court to deny defendants' motion. Consequently, summary judgment should be entered in favor of defendants and against Morrar. *Id.*; Local Rule 56.1(b)(1).

## II.   Morrar's Jurisdictional Argument Has No Merit.

As discussed in defendants' opening brief, Congress requires USCIS to wait for receipt of a naturalization applicant's FBI name check and security clearance before conducting an interview of a naturalization applicant. Br. at 7. Moreover, the Supreme Court in *Norton v. So. Utah Wilderness Alliance,* 524 U.S. 55 (2004) disposes of Morrar's jurisdictional allegation. There, the Court stated that the only agency action that can be compelled under a mandamus claim is agency action *unlawfully withheld*. 524 U.S. at 63 (emphasis added). Here, Morrar has pointed to no legal authority which holds that the FBI and/or USCIS has unlawfully failed to perform a statutory duty to interview him. Indeed, citing *Iddir v. I.N.S.*, 301 F.2d 492 (7th Cir. 2002), Morrar's brief correctly states the burden he must meet to show that the FBI and/or USCIS has unlawfully failed to perform a duty owed him. Def. Br. at 2. *Iddir* requires a mandamus plaintiff to show that he has a clear right to the relief he seeks; that defendants have a duty to perform the agency action at issue; and that plaintiff has no other adequate remedy for the relief sought. 301 F.2d at 499. Morrar, however, has failed to show that he has a clear right to a USCIS interview; that USCIS has a duty to interview him;

and that he has no other adequate remedy. Thus, Morrar's jurisdictional argument should be disregarded.

> II. **Morrar's Claim That Use of the FBI Should Not "Immunize" USCIS Is Nonsense.**

Morrar argues that if USCIS complies with Congress' mandate that naturalization applicants should not be interviewed prior to receiving clearance from the FBI, "then all a government agency would have to do in order to prevent having to comply with its duty . . . is hire yet another government agency to perform part of its designated function." Pl. Br. at 4. Morrar's argument is nonsense. Nowhere in the record before this court, or any other court for that matter, is there the slightest hint that USCIS is about the business of "bobbing and weaving" to avoid interviewing naturalization applicants. Morrar does not dispute that USCIS has submitted millions of name check requests to the FBI since "9/11." (Morrar's response to defendants' statement of undisputed material facts, ¶ 19.) Nor does Morrar dispute that of a total figure of 1,044,302 naturalization filings currently pending with USCIS nationwide, there are approximately 176,425 awaiting responses from the FBI regarding name checks. *Id.* ¶ 22. Finally, Morrar has not (and cannot) point to *any* effort by a government agency to avoid performing its functions by hiring "yet another government agency" to perform its functions. Consequently, Morrar's "immunization" argument should be disregarded.

> III. **Defendants' April 25, 2008 Joint Plan for Eliminating Name Check Backlog Demonstrates That the FBI and USCIS Are Working to Address Undue Delays Associated with Completing Name Checks.**

Defendants have created a joint plan to eliminate the FBI name check backlog. *See* Exhibit 7, attached to defendants' opening brief. And unlike Morrar's unsupported contentions, the

defendants have offered substantive evidence that both the FBI and USCIS are taking concrete steps to reduce and eventually eliminate the backlog. On April 25, 2008, the FBI and USCIS announced a joint plan for eliminating the name check backlog. Under this plan, the FBI states that the USCIS name check backlog will be eliminated by June 2009, and the FBI will meet the USCIS target performance goal of processing 98 percent of all incoming name check requests within 30 days and the balance within 90 days. *Id.* at 1. Moreover, USCIS has allocated substantial resources to enable the FBI to accomplish these goals, including more than $34.5 million for additional personnel and improvements to information technology. *Id.* The release of the joint plan thus assures the public (with concrete target dates) that the oldest pending FBI name checks will be first addressed. *Id.* Finally, if this court enters summary judgment in favor of Morrar the joint plan will be significantly undermined as it is quite likely other courts may follow suit.

## Conclusion

For the reasons stated, summary judgment should be granted in favor of defendants and against plaintiff Hatem Morrar.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Pierre C. Talbert
PIERRE C. TALBERT
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-4088
pierre.talbert@usdoj.gov